ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ILIANA COLÓN VEGA**<br><br>Recurrido<br><br>v.<br><br>**EDUARDO B. OJEDA DÁVILA**<br><br>Peticionario | KLCE202400944 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Salinas**<br><br>Civil Núm.: SA2024CV00217<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de septiembre de 2024.

Mediante *Certiorari Civil*, comparece ante este Foro, por derecho propio y sin someterse a la jurisdicción, el señor Eduardo Ojeda Dávila (señor Ojeda Dávila o peticionario) y solicita que revisemos la *Orden* emitida el 26 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Salinas.

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, el 1 de julio de 2024, la señora Iliana Colón Vega (señora Colón Vega o recurrida) instó una demanda sobre desahucio en precario contra el señor Ojeda Dávila. Alegó poseer legitimación activa para presentar la causa de acción de referencia sin necesidad de acumular a los demás herederos, por ser heredera y persona con interés legítimo en la herencia del causante, su padre, el señor Nicolás Colón Alvarado t/c/c Nicolás Colón Flores y Nicolás Colón. Adujo que la causante Rosa Ma Rodríguez t/c/c Rosa María Rodríguez, Rosa María Colón y Rosa

Colón, falleció intestada casada con Nicolás Colón Flores, a quien el Tribunal declaró como único y universal heredero. Así, esbozó que, entre los bienes del caudal relicto de los causantes se encontraba un solar ubicado en el Barrio Aguirre del Municipio de Salinas. Arguyó que el señor Ojeda Dávila se encuentra en posesión de la propiedad objeto de este litigio sin ser titular y sin tener interés propietario alguno, por lo cual le solicitó el desalojo y la entrega de la propiedad, pero éste se ha negado.[1]

En síntesis, la señora Colón Vega solicitó al TPI los siguientes remedios:

i.   ordenara el desalojo del demandado y de cualquier otra persona que en su nombre reclame la propiedad objeto de este litigio y la deje a disposición de la demandante;

ii.  ordenara al demandado pagar la cantidad de $800.00 por cada mes que haya permanecido y que permanezca en posesión de la propiedad objeto de este litigio, como precio justo de canon de renta, más los intereses que se acumulen;

iii. condenara al demandado al pago de una cantidad no menor de $2,000.00, por concepto de costas, gastos y honorarios de abogado.

Tras varios trámites, el 6 de agosto de 2024, el señor Ojeda Dávila instó una moción intitulada *Comparecencia Especial sin Someterse a Jurisdicción*. En esta, esgrimió que no era arrendatario ni precarista en la residencia concernida ubicada en el Municipio de Salinas, sino que era el poseedor actual y dueño de la propiedad. Destacó que estaba en pleno uso y dominio de la propiedad de forma pública, pacífica y continua desde hacía varios años. Añadió que realizó costosas mejoras a la propiedad y que era acreedor de la alegada sucesión, toda vez que, para el 2015, bajo su empresa, se ofrecieron servicios de salud mental al causante que no habían sido sufragados. Así, requirió al TPI que desestimara la acción en su

---

[1] La Demanda fue verificada en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 1.

contra. La señora Colón Vega se opuso a la antedicha solicitud oportunamente.

El 26 de agosto de 2024, el señor Ojeda Dávila instó una *Réplica y Argumentación Final sin Someterse a Jurisdicción,* en la cual nuevamente solicitó la desestimación de la acción de referencia por diversas razones de índole jurisdiccional. Atendido el referido escrito, el foro *a quo* dictó la *Orden* recurrida e hizo las siguientes expresiones:

> Enterado. El Tribunal resolverá próximamente el asunto jurisdiccional. El tribunal NO aceptará más escritos sobre la controversia planteada. Parte demandada Eduardo Ojeda Dávila, en el término de 5 días, a tenor con la orden emitida en sala, indique el nombre de quien será su representante legal para el juicio en su fondo.

En desacuerdo, el señor Ojeda Dávila acude ante este Foro mediante el recurso que nos ocupa y le imputa al TPI la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia, Sala Superior de Salinas al adjudicarse jurisdicción sobre el peticionario.
>
> Erró el TPI al proceder a dictar la Orden recurrida ya que a pesar de que el TPI le ha dado dos oportunidades la parte demandante no ha demostrado que: (1) ha sufrido un daño claro y palpable; (2) que el referido daño es real, inmediato y preciso, no abstracto o hipotético; (3) que existe una relación causal razonable entre el daño sufrido y la causa de acción ejercitada. Por lo anterior la recurrida carece de legitimación activa.
>
> Erró el TPI al ordenar continuar un juicio en su fondo de desahucio contra un acreedor de la sucesión.
>
> Erró el TPI al dictar la Orden recurrida ya que la Ley de Procedimientos Especiales en su Art. 620 no provee para que la demandante pueda instar una acción de desahucio. La recurrida no tiene derecho de heredar o disfrutar de la propiedad hasta que pague a sus acreedores.
>
> Erró el TPI al dictar la Orden recurrida ya que la Ley de Procedimientos Especiales en su Art. 621 no provee para que la recurrida pueda instar una acción de desahucio contra un acreedor.
>
> Erró el TPI al ordenar continuar un juicio que no hay controversias reales. La recurrida no pudo contestar nuestras alegaciones por lo cual las mismas deben darse por admitidas.

Erró crasamente el TPI al dictar la Orden recurrida ya que la doctrina sobre manos limpias es una "regla en equidad al efecto de que aquel que recurre a un tribunal en busca de remedio debe ir libre de mala fe, intención deshonesta, etc., o de lo contrario, no progresará su solicitud de remedio.

Erró el TPI al dictar la Orden recurrida ya que se conoce que la Sra. Colón mintió bajo juramento en la declaratoria de herederos. Por tal razón la resolución de declaratoria de herederos es NULA y el TPI no tiene jurisdicción ya que la Sra. Colón carece de legitimación activa.

Erró crasamente el TPI al dictar la Orden recurrida sin evaluar la invocación de declaración de indignidad que le fue presentada. La Sra. Colón Vega no tiene nada que heredar y más aún NO puede heredar.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". 4 LPRA Ap. XXII-B, R. 7 (B)(5). Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97

---

que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

### III.

En la discusión de sus señalamientos de error, el peticionario incluye diversas alegaciones de los pormenores del caso. No obstante, en lo que nos atañe, este arguye que el TPI dictó la *Orden* recurrida de forma atropellada en contra de sus derechos. Detalla que, por un lado, el TPI indicó que tomará próximamente una decisión sobre su jurisdicción, mientras que, por otro lado, le ordenó notificar el nombre del abogado que lo representará durante el juicio en su fondo. Por ende, aduce que su debido proceso de ley fue quebrantado. Precisa que el foro *a quo* debió desestimar el caso y que, no expedir el auto y revocar la determinación impugnada, conllevaría un fracaso de la justicia.

Analizado el expediente a la luz de las circunstancias específicas de este caso, así como el derecho aplicable, determinamos denegar la expedición del auto solicitado. No encontramos justo motivo para alterar, como pretende el peticionario, la determinación que hizo el TPI en el ejercicio de su sana discreción. Esta no presenta indicios de prejuicio, parcialidad o error craso o manifiesto. Nótese que el foro de instancia destacó que resolverá próximamente el asunto jurisdiccional levantado por el peticionario. Más importante aún, le confirió un término de cinco (5) días al peticionario para que notificara quien sería su representación legal para el juicio en su fondo.

Asimismo, tampoco encontramos que concurra criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia. Por tanto, lo razonable es abstenernos de ejercer nuestra función revisora en esta etapa de los procedimientos.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*. Regla 52.1 de las Reglas de Procedimiento Civil, supra, y la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones